# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HARRY MITCHELL,<br>    Petitioner, | Case No. 1:16-cv-1118 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, to which petitioner has not responded. (Doc. 7).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On March 2, 1994, the Hamilton County, Ohio, grand jury returned a seven-count indictment charging petitioner with three counts of felonious sexual penetration, three counts of gross sexual imposition, and one count of illegal use of a minor in nudity-oriented material or performance. (Doc. 6, Ex. 1). The grand jury subsequently issued a second indictment charging petitioner with seventeen additional charges: three counts of corruption of a minor, five counts of illegal use of a minor in nudity-oriented material or performance, three counts of felonious sexual penetration, four counts of gross sexual imposition, and two counts of rape. (Doc. 6, Ex. 2). The trial court consolidated the two cases. (Doc. 6, Ex. 4).

On June 9, 1994, petitioner entered a guilty plea to three counts of felonious sexual

penetration and one count of illegal use of a minor in nudity-oriented material performance, as charged in the first indictment. (Doc. 6, Ex. 5). Petitioner pleaded guilty to nine charges in the second indictment, including two counts of gross sexual imposition, one count of corruption of a minor, two counts of illegal use of a minor in nudity-oriented material or performance, three counts of felonious sexual penetration, and one count of rape. (Doc. 6, Ex. 8). The remaining counts in the indictments were dismissed. (Doc. 6, Ex. 7, 9).

On July 13, 1994, petitioner was sentenced to concurrent terms of 10-25 years for each of his felonious sexual penetration convictions and 5-15 years for illegal use of a minor in nudity oriented material or performance, to be served consecutively. (Doc. 6, Ex. 10). For the convictions stemming from the second indictment, petitioner was sentenced to an aggregate indefinite sentence of 15-120 years and a total definite sentence of six years. (Doc. 6, Ex. 12).

Petitioner failed to appeal his conviction or sentence to the Ohio Court of Appeals.

**Motion to Enforce Plea Agreement**

On July 11, 2007, thirteen years later, petitioner filed a motion for production of records. (Doc. 6, Ex. 14). On August 8, 2008, petitioner also filed a motion for production of transcripts. (Doc. 6, Ex. 15).

On March 28, 2011, petitioner filed a motion to enforce plea deal. (*See* Doc. 6, Ex. 16–18). Petitioner argued that his trial counsel has negotiated a 15 year sentence and the court imposed a 15 year sentence. On March 30, 2011, the trial court denied petitioner's motion for production of records, production of transcripts, and to enforce the plea deal. (Doc. 6, Ex. 19-23).

On May 9, 2011, petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 24). Petitioner raised the following single assignment of error in his brief:

> The Court of Equity erred when it denied Appellant specific performance of a contract in breach.

(Doc. 6, Ex. 25 at PageID 103). On December 21, 2011, the Ohio Court of Appeals found that the trial court properly declined to grant the relief sought in the motion, but that the trial court should have struck the motion because petitioner's memorandum was illegible and therefore did not comply with Crim. R. 47 and Loc. R. 14(A). (Doc. 6, Ex. 27). The appeals court modified the entry overruling the motion to reflect a judgment striking the motion and affirmed the judgment as modified.

Petitioner did not appeal to the Ohio Supreme Court.

### Motion to Correct Clerical Error

On July 24, 2012, petitioner filed a "motion to correct clerical error," alleging that sentence was not properly reflected in the journalized judgment entry. (Doc. 6, Ex. 28). On July 2, 2013, the trial court overruled the motion. (Doc. 6, Ex. 29).

### Motion for Specific Performance/Withdraw of Plea

On May 19, 2014, petitioner filed a motion for specific performance or to allow him to withdraw his allegedly invalid plea. (Doc. 6, Ex. 31). Petitioner raised the following three "assignments of errors:"

1. The state breached its plea agreement with the defendant

2. The court should grant an order of specific performance of the agreement for the negotiated fifteen year sentence

3. Trial counsel provided ineffective assistance of counsel during the plea

(*Id*. at PageID 134). Petitioner also requested transcripts of his competency, plea, and sentencing hearings, as well as his competency evaluations in connection with the motion. (*See* Doc. 6, Ex.

3

30).[1]

## Motion to Correct Sentence and Appeal

On October 23, 2014, petitioner filed a motion to correct sentence. (Doc. 6, Ex. 32). The motion was denied by the trial court on October 28, 2014. (Doc. 6, Ex. 33, 34).

On April 21, 2015, petitioner filed a motion for leave to file a delayed appeal from the trial court's judgment denying his motion, which was granted by the appeals court. (Doc. 6, Ex. 35, 36). Petitioner subsequently filed a motion for the preparation of transcripts at the state's expense. (Doc. 6, Ex. 37). The Ohio Court of Appeals denied the motion, noting that the "appeal arises from a petition for postconviction relief, which is a civil proceeding." (Doc. 6, Ex. 38). Petitioner filed a motion for reconsideration, which was denied. (Doc. 6, Ex. 39, 40). On August 10, 2015, the court of appeals *sua sponte* dismissed petitioner's appeal for petitioner's failure to comply with the Ohio Rules of Appellate Procedure. (Doc. 6, Ex. 41).

Petitioner filed an appeal to the Ohio Supreme Court on September 4, 2015. (Doc. 6, Ex. 42). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. The sentence as imposed breached the negotiated plea agreement

2. Appellant was denied effective assistance of counsel as guaranteed in the Sixth Amendment

(Doc. 6, Ex. 43). On December 2, 2015, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 6, Ex. 44).

---

[1] Based on the record before the Court, it does not appear that the trial court ruled on petitioner's motion.

**Federal Habeas Corpus**

On November 25, 2016, petitioner commenced the instant federal habeas corpus action.[2] (*See* Doc. 1 at PageID 16). Petitioner raises the following four grounds for relief in the petition:

> **GROUND 1**: Due process & equal protection
>
> <u>Supporting Facts</u>: Despite an agreed sentence to fifteen years of imprisonment for the alleged crimes, Petition received 10 to 25 years and an additional 5 to 15 years to run consecutively. The state actors refused to present the plea agreement nor produce the transcripts of the plea hearing and sentencing.
>
> **GROUND 2**: Ineffective assistance of counsel
>
> <u>Supporting Facts</u>: Counsel coerced Petitioner to accept the charges with the caveat he would receive a maximum sentence of 15 years. Moreover, counsel ignored a litany of legislative mandates and constitutional protections.
>
> **GROUND 3**: Double Jeopardy
>
> <u>Supporting Facts</u>: Despite the protections against "shotgun convictions" the state heaped multiple charges against Petitioner. Moreover, as mandated, the court failed to address or resolve this issue prior to, or at sentencing.
>
> **GROUND 4**: Due Process
>
> <u>Supporting Facts</u>: In contravention of the legislature, the court imposed financial sanctions without the proper hearing required before its imposition.

(*Id.* at PageID 6–11).

Respondent has filed a motion to dismiss the petition, arguing that the petition is time-barred. (Doc. 7). Although petitioner was granted an extension of time up to and including July 7, 2016 to file a response, petitioner has failed to respond to the motion. (*See* Doc. 8).

---

[2] The petition was filed with the Court on December 2, 2016. (*See* Doc. 1, Petition). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on November 25, 2016. (*See* Doc. 1 at PageID 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on November 25, 2016.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at sentencing. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the

conclusion of direct review or the expiration for the time for seeking such review."

In this case, petitioner's conviction became final on August 12, 1994, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's July 13, 1994 sentencing. *See* Ohio R. App. P. 4(A). However, because petitioner's conviction became final prior to the effective date of the AEDPA, petitioner was entitled to a one-year grace period running from April 24, 1996, the act's effective date. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Accordingly, the limitations period expired on April 24, 1997 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Petitioner's habeas corpus petition was filed on November 25, 2016, over nineteen years after the statute of limitations had expired. Therefore, unless the limitations period is tolled by statute or otherwise, the petition is time-barred.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

7

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 3,730 days before petitioner filed his July 11, 2007 motion to correct clerical error, the first of his post-conviction motions. (*See* Doc. 6, Ex. 14). Because petitioner's motions were all filed after the one-year statute of limitations had already expired statutory tolling does not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining

whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner has not responded to the motion to dismiss, nor has he offered any explanation for his failure to file the habeas petition prior to the expiration of the limitations period in the petition. (*See* Doc. 1 at PageID 14). Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, _ U.S. _, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations expired on April 24, 1997, more than nineteen years before petitioner filed his federal habeas corpus petition. Equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 7) should be **GRANTED** on

the ground that the petitioner's habeas corpus petition is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HARRY MITCHELL,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:16-cv-1118<br><br>Barrett, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).